UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 2:24-cr-20498

v.                                             Honorable Susan K. DeClercq
                                                  United States District Judge
JAMES ALLEN,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY RELEASE (ECF No. 31)

In February 2025, Defendant James Allen pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He remains detained pending sentencing, which is currently scheduled for June 10, 2025. On May 18, 2025, Allen filed a motion seeking temporary release from custody so that he may attend his daughter's high school graduation. ECF No. 31. The Government "strongly opposes" the motion. ECF No. 35 at PageID.126.

Because Allen has pleaded guilty and awaits sentencing, 18 U.S.C. § 3143 governs his motion seeking temporary release from custody. *See United States v. Freeman*, No. 1:24-CR-20219, 2025 WL 1088812, at *1 (E.D. Mich. Apr. 11, 2025). That statute creates a presumption of detention unless the defendant shows, by clear and convincing evidence, that he "is not likely to flee or pose a danger to the safety

of any other person or the community if released. . . ." 18 U.S.C. § 3143(a)(1); *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988) ("[T]he statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness and the criminal defendant must overcome this presumption.").

This Court acknowledges that graduating high school is a meaningful milestone, and it sympathizes with Allen's desire to celebrate his daughter. Even so, Allen has not met his burden of showing, by clear and convincing evidence, that he is unlikely to flee or to pose a danger to others. As the Government details, the circumstances underlying the instant offense are troublesome and suggest dangerousness. Allen, while armed with a gun, appears to have held his significant other and four children against their will. ECF No. 30 at PageID.89–91. The Government's video exhibit, submitted with its response, shows a portion of the ordeal. *See* Ex. A, Video Footage. The video was filmed by someone inside a house with Allen and shows Allen, gun hanging out of his sweatpants pocket, peering outside through a crack in the closed blinds, with four children standing behind him. *Id.* In his motion seeking release, Allen does not explain this conduct, nor does he point to any evidence that would suggest he is not dangerous, or that would otherwise suffice to overcome the presumption of detention. And in fact, Allen had previously engaged in other violent behavior toward his significant other, holding a broken wine

- 3 -

bottle to her neck and repeatedly punching her in the face, ECF No. 30, ¶ 40, which indicates that his release would pose a risk of harm to his significant other.

Moreover, Allen faces a significant jail sentence in this case and has violated terms of release in the past. ECF No. 30. *Id.* at ¶¶ 30, 32, 83. Thus, Allen has not demonstrated that he is not likely to flee.

Accordingly, it is **ORDERED** that Defendant's Motion Requesting Temporary Release for Attendance at Graduation Ceremony, ECF No. 31, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 2, 2025